IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

PENNY ROGERS                                                                                    PLAINTIFF

v.                                         CIVIL NO. 14-2143

CAROLYN W. COLVIN, Acting Commissioner
Social Security Administration                                                          DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Penny Rogers, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for a period of disability, disability insurance benefits (DIB), and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I. Procedural Background**

Plaintiff protectively filed an application for DIB on October 27, 2009, alleging disability since October 1, 2008, due to bulging discs and back pain. (Tr. 12, 262). For DIB purposes, Plaintiff retained insured status through December 31, 2013. (Tr. 14). On November 3, 2011, Plaintiff protectively filed an application for SSI. (Tr. 29). An administrative hearing was held on September 9, 2010, at which Plaintiff appeared with counsel and testified. (Tr. 65-93). On November 22, 2010, the administrative law judge ("ALJ") entered an unfavorable decision on Plaintiff's application. (Tr. 99-106). Plaintiff appealed the unfavorable decision to the Appeals Council, which remanded the case on May 25, 2012. (Tr. 111-114).

On remand, a second administrative hearing was held on September 19, 2012, at which Plaintiff appeared with counsel and testified. (Tr. 36-64). A VE was also presented and testified. (Tr. 54-63).

By a written decision dated March 6, 2013, the ALJ found Plaintiff had the following severe impairments: "disorder of the back, obesity, dysthymia and personality disorder with borderline and histrionic traits." (Tr. 14). After reviewing all of the evidence presented, the ALJ determined Plaintiff's impairments did not meet or equal the level of severity of any impairment in the Listing of Impairments. (Tr. 15-17). The ALJ then found Plaintiff had the residual functional capacity (RFC) to perform sedentary work except:

> the claimant is able to perform work that is limited to simple, routine and repetitive tasks, involving only simple, work-related decisions, with few, if any, workplace changes and no more than incidental contact with co-workers, supervisors and the general public. The claimant will need to be able to use a cane to ambulate.

(Tr. 17).

With the help of the VE, the ALJ determined Plaintiff could not perform her past relevant work (PRW). (Tr. 27). The ALJ then found Plaintiff could perform the requirements of representative occupations such as compact assembler, hand packager, and machine operator/tender (e.g. convex grinder operator). (Tr. 28). The ALJ concluded Plaintiff was not disabled. (Tr. 28).

Plaintiff next requested a review of the hearing decision by the Appeals Council, which denied the request on April 28, 2014. (Tr. 1-3). Subsequently, Plaintiff filed this action on June 26, 2014. (Doc. 1). Both parties have filed appeals briefs, and the case is before the undersigned for report and recommendation. (Docs. 12, 14).

**II. Applicable Law.**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

A claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§

423(d)(3), 1382(3)(c). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months. *Titus v. Sullivan*, 4 F.3d 590, 594 (8th Cir. 1993).

The Commissioner's regulations require the application of a five-step sequential evaluation process to each claim for disability benefits. *See* 20 C.F.R. § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her RFC. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. §§ 404.1520, 416.920 (2003).

### III. Discussion

On appeal, Plaintiff argues the ALJ: (1) should have included pelvic pain, edema, and anxiety as severe impairments at step two; (2) improperly assessed her credibility; (3) erred in weighting the opinion evidence; and (4) posed an incomplete hypothetical to the VE. (Doc. 12 at 12-20).

The record, in relevant part, shows Plaintiff had decreased range of motion in her spine, back pain, and positive straight leg raises. (392-402, 423-426, 588, 592-624). MRIs of Plaintiff's spine between 2008 and 2010 showed Plaintiff had disc protrusion/herniation, bilateral facet hypertrophy, and an annular tear. (Tr. 405-408, 413-414, 435, 488). Dr. Michael Standefer and Dr. John Pulliam, however, examined Plaintiff and opined surgical intervention was not appropriate. (Tr. 385-386, 583-587). Plaintiff's treating physician, Dr. Michael Kemp, instead referred Plaintiff to a pain specialist for her back condition. (Tr. 521-526, 544-561). In August 2010, Plaintiff established care with Dr. William Piechal, a pain specialist, who saw Plaintiff monthly throughout 2011 and 2012. (Tr. 590-524). He prescribed painkillers and injections for Plaintiff's back condition. (Tr. 538-539).

Dr. Piechal, submitted a Medical Source Statement in February 2011 and opined Plaintiff could sit three hours during an eight hour work day; stand or walk about one hour during an eight

hour work day; occasionally lift or carry up to ten pounds; frequently push or pull objects; occasionally reach or work above shoulder level, but rarely do overhead work; and occasionally bend, crouch, kneel, balance, twist, but rarely squat, stoop, or crouch and never crawl or use foot controls. (Tr. 535-537). These restrictions were consistent with his notes from Plaintiff's monthly visits, which documented Plaintiff had decreased range of motion in her spine, back pain, and decreased limb sensation. (Tr. 590-624).

Dr. Ted Honghiran, a State consulting physician, examined Plaintiff in October 2012 and noted Plaintiff had trouble walking, standing, sitting, and completing basic actions such as getting on the examination table. (Tr. 629-631). He opined Plaintiff's chronic low back pain was severe and related to a disc protrusion at L5-S1, although her pain appeared excessive compared to the physical findings. (Tr. 631). Dr. Honghiran submitted a Medical Source Statement and stated Plaintiff required a cane to walk; could not lift or carry more than ten pounds; could sit up to four hours and stand or walk two hours in an eight hour workday; and could occasionally reach for, handle, or finger objects. (Tr. 632-637).

The ALJ assigned little weight to Dr. Piechal's opinions because "the physical residual functional capacity evaluation was completed on February 25, 2011, six months after he had examined the claimant," and because the opinions were in a checklist form, not based on sufficient diagnostic tools, not supported by treatment notes, and more restrictive than the record supported. (Tr. 26-27).

The opinion of a treating physician is accorded special deference and given controlling weight if it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence." 20 C.F.R. § 404.1527(d)(2). An ALJ

must give "give good reasons" for discounting a treating physician's opinion. *Prosch v. Apfel*, 201 F.3d 1010, 1013 (8th Cir. 2000). For instance, a physician's opinion should not receive controlling weight if it is not supported by medically acceptable diagnostic techniques, is inconsistent with other substantial evidence of record, or it is unsupported by the physician's own treatment notes. *See Halverson v. Astrue,* 600 F.3d 922, 929-30 (8th Cir. 2010).

While the ALJ offered several reasons for discrediting Dr. Piechal's opinion, the reasons are not consistent with the record. The ALJ indicated Dr. Piechal's opinions were based on a single, stale examination. (Tr. 26). It appears the ALJ did not consider Plaintiff's monthly visits to Dr. Piechal throughout 2011 and 2012. (Tr. 592-624). Records from these visits documented Plaintiff's back pain and reduced range of motion, and the regular visits establish a treating relationship with Plaintiff. The ALJ also did not explain how Dr. Piechal's opinions were inconsistent with the record. Dr. Piechal's opinions appear supported by his own notes, Plaintiff's MRIs, and other physicians's exams. (Tr. 405-408, 413-414, 488). He suggested limitations consistent with those from the State's consultative examiner, who noted Plaintiff's back condition was "quite severe and disabling" and opined she needed similar sit/stand/walk and lift/carry restrictions. (Tr. 630-636). The ALJ's failure to properly examine or credit the evidence from Dr. Piechal was in error. *See Singh v. Apfel*, 222 F.3d 448, 452 (8th Cir. 2000).

The only strike against Dr. Piechal's opinion was its checklist format. The "checklist format, generality, and incompleteness of the assessments limit [the assessments's] evidentiary value." *Holmstrom v. Massanari*, 270 F.3d 715, 721 (8th Cir. 2001). The fact Dr. Piechal's Medical Source Statement was a checklist with only a brief narrative explanation, however, does not entirely diminish the probative value of his opinions and treatment records. It was a basis for the ALJ to give

Dr. Piechal's opinion less than controlling weight, not for discounting it altogether. *See Papesh v. Colvin,* No. 14-22302015, 2015 WL 3396586 at *5-6 (8th Cir. May 27, 2015); *see also Samons v. Astrue*, 497 F.3d 813, 818 (8th Cir. 2007)("Even if the opinion is not entitled to controlling weight, it should not ordinarily be disregarded and is entitled to substantial weight.").

Accordingly, the undersigned concludes the ALJ's determination of Plaintiff's RFC is not supported by substantial evidence. On remand, the ALJ should identify accurate reasons for assigning less than controlling weight to the opinion of a treating physician and, if necessary, reformulate Plaintiff's RFC.

**IV. Conclusion:**

For the above reasons, the undersigned recommends reversing and remanding the ALJ's decision.

**The parties have fourteen (14) days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 1st day of June, 2015.

/s/ *Mark E. Ford*
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE