IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION


PENNY ROGERS                                                    PLAINTIFF


            v.                 CIVIL NO. 2:14-cv-2143-PKH-MEF


CAROLYN W. COLVIN, Commissioner
Social Security Administration                              DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pending now before this Court is Plaintiff's Motion for Attorney Fees under the Equal Access to Justice Act ("EAJA").  ECF No. 17, 18.  The matter is before the undersigned for report and recommendation.

On September 14, 2015, Plaintiff filed a motion for attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting $4,739.25 representing a total of 17.25 attorney hours for work performed in 2014 at an hourly rate of $186.00, 2.25 attorney hours for work performed in 2015 at an hourly rate of $187.00, and 14.80 paralegal hours at an hourly rate of $75.00.  ECF No. 18-1.  On September 25, 2015, the Defendant filed a response voicing no objections to Plaintiff's request for fees.  ECF No. 19.

It is the opinion of the undersigned that the Plaintiff is entitled to a fee award in this case, as she is the prevailing party, the government's decision to deny benefits was not "substantially justified", the hourly rate requested for both attorney and paralegal hours does not exceed the CPI for either year in question, and the time asserted to have been spent in the representation of the

Plaintiff before the district court is reasonable.  *See Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986) (burden is on the Commissioner to show substantial justification for the government's denial of benefits); *Johnson v. Sullivan*, 919 F.2d 503 (8th Cir. 1990) (the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75.00 an hour); and *Allen v. Heckler,* 588 F.Supp. 1247 (W.D.N.Y. 1984) (in determining reasonableness, court looks at time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and, the amount involved).  Accordingly, the undersigned finds that the Plaintiff is entitled to an attorney's fee award under EAJA in the amount of $4,739.25.

Pursuant to *Astrue v. Ratliff*, 130 S.Ct. 2521, 2528 (2010), the EAJA fee award should be made payable to Plaintiff.  However, as a matter of practice, an EAJA fee made payable to Plaintiff may properly be mailed to Plaintiff's counsel.

The parties are reminded that, in order to prevent double recovery by counsel for the Plaintiff, the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406.

**The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**IV.**    **Conclusion:**

Based upon the foregoing, the undersigned recommends that the Plaintiff be awarded the

sum of **$4,739.25** for attorney's fees pursuant to the EAJA, 28 U.S.C. § 2412.

Dated this 28th day of September, 2015.

/s/ *Mark E. Ford*
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE